**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:22-cv-00522 |
| | ) | Honorable Joan B. Gottschall |
| LAKHANI HOSPITALITY, INC. and HOWARD COHAN, | ) ) ) | |
| Defendants. | ) ) | |

## UNITED STATES' FIRE INSURANCE COMPANY'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

Plaintiff, United States Fire Insurance Company ("U.S. Fire"), by and through its undersigned counsel, respectfully moves for entry of final judgment pursuant to F.R.C.P 54(b) that U.S. Fire does not owe a defense or indemnity to Lakhani Hospitality, Inc. (Lakhani").

For the following reasons, pursuant to F.R.C.P 54(b) ("JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES"), the Court should enter final judgment at this time on its May 17, 2022 Order deciding the issue of whether U.S. Fire owes a duty to defend and indemnify Lakhani in connection with the claims asserted against it in the Complaint filed in the Action styled *Howard Cohan v. Lakhani Hospitality, Inc.*, Case No. 21-cv-5812, in the United States District Court for the Northern District of Illinois (the "Underlying Action").

### I. The Rule 54(b) Standard

Rule 54(b) provides:

When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just

1

reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b); *see also generally Gen. Ins. Co. of Am. v. Clark Mall Corp*., 644 F.3d

375, 377–78 (7th Cir. 2011).

Pursuant to Federal Rule of Civil Procedure 54(b), this Court is empowered to certify

partial judgment in a dispute for immediate appeal. In *Curtiss-Wright Corp. v. General Elec. Co*.,

446 U.S. 1 (1980), the Supreme Court articulated a two-step test for addressing a Rule 54(b)

application. First, the court must determine if the judgment at issue is a final judgment. *Id*. at 7. A

judgment is only final for Rule 54(b) purposes if it is "an ultimate disposition of an individual

claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351

U.S. 427, 436 (1956). Second, the court must determine whether there is any just reason for delay.

*Curtiss-Wright*, 446 U.S. at 8.

The test for separate claims under the rule is whether the claim that is contended to be

separate so overlaps the claim or claims that have been retained for trial that, if the latter were to

give rise to a separate appeal at the end of the case, the court would have to go over the same

ground that it had covered in the first appeal. *Lawyers Title Ins. Corp. v. Dearborn Title Corp*.,

118 F.3d 1157, 1162 (7th Cir.1997). *Lottie*, 408 F.3d at 939.

An order pursuant to Rule 54(b) requires a finding "that there is no just reason for delay."

Fed.R.Civ.P. 54(b). In determining whether there is no just cause for delay in certifying judgment,

courts "must take into account judicial administrative interests as well as the equities involved."

*Id*. at 9. Factors courts consider include "whether the claims under review were separable from the

others remaining to be adjudicated and whether the nature of the claims already determined was

2

such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. at 8. In the present situation, there must be a distinct claim that has been fully resolved with respect to all parties. *Lottie v. West American Insurance Co., of Ohio Casualty Group of Insurance Cos*., 408 F.3d 935, 938 (7th Cir.2005) (quoting *Factory Mutual Insurance Co. v. Bobst Group USA, Inc*., 392 F.3d 922, 924 (7th Cir.2004)). The Seventh Circuit has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie*, 408 F.3d at 938–39.

Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where "separate" means having minimal factual overlap. *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 516 (7th Cir .1999*). See also Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir.2002), cert. denied, 537 U.S. 1110, 123 S.Ct. 892, 154 L.Ed.2d 783 (2003) ("separate" in the Rule 54(b) context does not mean arising under a different statute or legal doctrine but rather means involving different facts); *Horwitz v. Alloy Auto. Co*., 957 F.2d 1431, 1434 (7th Cir.1992) (if there is a great deal of factual or legal overlap between counts, they are considered the same claim for Rule 54(b) purposes).

For the reasons set forth below, the Court's May 17, 2022 Order and the circumstances surrounding its entry meet the two-part Rule 54(b) standard.

## II.     The Judgment That U.S. Fire Does Not Owe Lakhani Defense Coverage Under The U.S. Fire Policy Is Final

Rule 54(b) allows the district court to enter a final judgment when it has resolved all claims concerning a single party, or has wrapped up a single claim with respect to all parties. *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990). Here, the threshold inquiry is whether

this Court's May 17, 2022 Order constitutes a final judgment for a claim for relief asserted by Lahkani as to U.S. Fire's alleged duty to defend and indemnify Lakhani in connection with the claims asserted against it in the Underlying Action.

As set forth in U.S. Fire's Declaratory Complaint, Lakhani sought a defense and indemnity under U.S. Fire's policy (the "Policy") for the claims asserted against it in the Underlying Action. (ECF No. 1.). U.S. Fire determined through its investigation that it owes no obligation under the Policy to defend or indemnify Lakhani in connection with the claims asserted against it in the Underlying Action. (ECF No. 1.). U.S. Fire then advised Lakhani in writing that it disclaims any obligation under the Policy to provide a defense to or indemnify Lakhani in connection with the claims asserted against it in the Underlying Action. (ECF No. 1.). Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, U.S. Fire filed a Declaratory Complaint seeking a determination of U.S. Fire's rights and obligations under an insurance policy issued to Lakhani in connection with the Underlying Complaint filed by Howard Cohan, which asserts certain claims against Lakhani. (ECF No. 1.). U.S. Fire did not assert any claim against Defendant Howard Cohan in the Declaratory Complaint and he was named as a defendant in this action solely as a necessary and indispensable party. (ECF No. 1.). As such, the claim alleged in the Declaratory Complaint is only being asserted against one party; Lahkani. U.S. Fire's obligation to defend and indemnify Lahkani against tort litigation stands alone in this suit.

On April 1, 2022, Lakhani was served with a Summons and Complaint. (*See* ECF No. 12.). After serving Lahkani with the aforementioned Summons and Complaint and not receiving any response, U.S. Fire filed a Motion for Entry of Default against Defendant Lakhani, pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 13.). On May 17, 2022, this Court granted U.S. Fire's Motion for Entry of Default against Defendant Lakhani. (ECF No. 19.). As Lahkani has

4

never answered or otherwise pled, the Court must accept the Declaratory Complaint's allegations as true. Here, the entry of default judgment is appropriate since U.S. Fire has established its entitlement to the relief it seeks through the allegations contained in its Declaratory Complaint.

Accordingly, based on the foregoing, the first prong of the Rule 54(b) standard is met: the Court's May 17, 2022 Order constitutes a final judgment for a claim for relief asserted by Lahkani as to U.S. Fire's alleged duty for defense and indemnity.

### III.    There is No Just Reason to Delay Entry of Final Judgment

The second prong of the Rule 54(b) test asks the Court to balance considerations of judicial administrative interests. In this case, as there is only one claim at issue. Accordingly, allowing the interlocutory appeal would lead to judicial economy and avoid the waste of the parties' resources. Meaningless expenditures of judicial resources ought be eliminated wherever possible, and here such waste is avoidable. *Iowa Physicians Clinic Med. Foundation v. Physicians' Ins. Co. of Wisconsin*, 2008 U.S. Dist. LEXIS 6269 (C.D. Ill. Jan. 29, 2008). If this Court's ruling is upheld on interlocutory appeal, this case is over without any trial at all. Here, there is no just reason for the Court to delay entry of judgment on the claim.

For all of these reasons, U.S. Fire respectfully requests the Court to direct entry of final judgment pursuant to Rule 54(b) on its May 17, 2022 Order .

Respectfully Submitted,

UNITED STATES FIRE INSURANCE COMPANY
By:
*S/James J. Hickey*
James J. Hickey
One of the Attorneys for Plaintiff
United States Fire Insurance Company
James J. Hickey (Illinois Bar No. 6198334)

5

James.Hickey@kennedyslaw.com
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5000
Fax: (312) 207-2110

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, being first duly sworn on oath, deposes and states that the foregoing was served upon all counsel of record via the Court's CM/ECF on October 18, 2022.

*/s/Barbara A Jabaay*
Barbara A. Jabaay

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, I certify that the statement set forth herein are true and correct.

6